TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JEFFREY M. CHEMERINSKY (Cal. Bar No. 270756)
KATHY YU (Cal. Bar No. 268210)
Assistant United States Attorneys
Violent & Organized Crimes Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6520
    Facsimile: (213) 894-0141
    E-mail:   Jeffrey.chemerinsky@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>          v.<br><br>FRANCISCO JAVIER HERNANDEZ<br>MARTINEZ,<br><br>        Defendant. | No. CR 21-00296-JFW-2<br><br>PLEA AGREEMENT FOR DEFENDANT<br>FRANCISCO JAVIER HERNANDEZ<br>MARTINEZ |

    1.   This constitutes the plea agreement between FRANCISCO JAVIER HERNANDEZ MARTINEZ ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.   Defendant agrees to:

        a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count One of the

indictment in <u>United States v. Edgar Adrian Hernandez Lemus, et al.,</u> CR No. 21-00296-JFW, which charges defendant with conspiracy in violation of 18 U.S.C. § 371.

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable

2

1  Sentencing Guidelines range, the propriety and extent of any
2  departure from that range, and the sentence to be imposed.
3      d.   At the time of sentencing, provided that defendant
4  demonstrates an acceptance of responsibility for the offense up to
5  and including the time of sentencing, recommend a two-level reduction
6  in the applicable Sentencing Guidelines offense level, pursuant to
7  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
8  additional one-level reduction if available under that section.
9                        NATURE OF THE OFFENSE
10     4.   Defendant understands that for defendant to be guilty of
11 the crime charged in Count One, that is, Conspiracy, in violation of
12 18 U.S.C. § 371, the following must be true:
13     First, beginning on or about an unknown date, and ending on or
14 about June 7, 2021, there was an agreement between two or more
15 persons to receive extortion proceeds;
16     Second, defendant became a member of the conspiracy knowing of
17 at least one of its objects and intending to help accomplish it; and
18     Third, one of the members of the conspiracy performed at least
19 one overt act for the purpose of carrying out the conspiracy.
20                     PENALTIES AND RESTITUTION
21     5.   Defendant understands that the statutory maximum sentence
22 that the Court can impose for a violation of 18 U.S.C. § 371, is: 5
23 years imprisonment; a 3-year period of supervised release; a fine of
24 $250,000 or twice the gross gain or gross loss resulting from the
25 offense, whichever is greatest; and a mandatory special assessment of
26 $100.
27     6.   Defendant understands that defendant will be required to
28 pay full restitution to the victim(s) of the offense to which

defendant is pleading guilty.  Defendant agrees that, in return for
the USAO's compliance with its obligations under this agreement, the
Court may order restitution to persons other than the victim(s) of
the offense to which defendant is pleading guilty and in amounts
greater than those alleged in the count to which defendant is
pleading guilty.  In particular, defendant agrees that the Court may
order restitution to any victim of any of the following for any
losses suffered by that victim as a result: (a) any relevant conduct,
as defined in U.S.S.G. § 1B1.3, in connection with the offense to
which defendant is pleading guilty; and (b) any counts dismissed and
pursuant to this agreement as well as all relevant conduct, as
defined in U.S.S.G. § 1B1.3, in connection with those counts and
charges.

7.   Defendant understands that supervised release is a period
of time following imprisonment during which defendant will be subject
to various restrictions and requirements.  Defendant understands that
if defendant violates one or more of the conditions of any supervised
release imposed, defendant may be returned to prison for all or part
of the term of supervised release authorized by statute for the
offense that resulted in the term of supervised release, which could
result in defendant serving a total term of imprisonment greater than
the statutory maximum stated above.

8.   Defendant understands that, by pleading guilty, defendant
may be giving up valuable government benefits and valuable civic
rights, such as the right to vote, the right to possess a firearm,
the right to hold office, and the right to serve on a jury. Defendant
understands that he is pleading guilty to a felony and that it is a
federal crime for a convicted felon to possess a firearm or

4

1   ammunition.  Defendant understands that the conviction in this case

2   may also subject defendant to various other collateral consequences,

3   including but not limited to revocation of probation, parole, or

4   supervised release in another case and suspension or revocation of a

5   professional license.  Defendant understands that unanticipated

6   collateral consequences will not serve as grounds to withdraw

7   defendant's guilty plea.

8       9.   Defendant and his counsel have discussed the fact that, and

9   defendant understands that, if defendant is not a United States

10  citizen, the conviction in this case makes it practically inevitable

11  and a virtual certainty that defendant will be removed or deported

12  from the United States.  Defendant may also be denied United States

13  citizenship and admission to the United States in the future.

14  Defendant understands that while there may be arguments that

15  defendant can raise in immigration proceedings to avoid or delay

16  removal, removal is presumptively mandatory and a virtual certainty

17  in this case.  Defendant further understands that removal and

18  immigration consequences are the subject of a separate proceeding and

19  that no one, including his attorney or the Court, can predict to an

20  absolute certainty the effect of his conviction on his immigration

21  status.  Defendant nevertheless affirms that he wants to plead guilty

22  regardless of any immigration consequences that his plea may entail,

23  even if the consequence is automatic removal from the United States.

24                              FACTUAL BASIS

25      10.  Defendant admits that defendant is, in fact, guilty of the

26  offense to which defendant is agreeing to plead guilty.  Defendant

27  and the USAO agree to the statement of facts provided below and agree

28  that this statement of facts is sufficient to support a plea of

5

guilty to the charge described in this agreement and to establish the
Sentencing Guidelines factors set forth below but is not meant to be
a complete recitation of all facts relevant to the underlying
criminal conduct or all facts known to either party that relate to
that conduct.

Beginning on a date unknown and continuing until on or about
June 7, 2021, defendant conspired with others, including co-
conspirator 1 ("CC-1") and co-conspirator 2 ("CC-2"), to collect
ransom proceeds from individuals whose family members had been
kidnapped in Mexico and which money the ransom payers intended as
payment for the release of the kidnapped persons.  Defendant
collected this money knowing it was being unlawfully obtained.  As
part of this conspiracy, defendant, along with CC-1 or CC-2, would
travel to locations, such as Walmart, Lowes, or Target stores, where
he, CC-1, or CC-2, would meet with individuals who would provide him,
CC-1, or CC-2 with either bags or envelopes filled with cash.

On May 26, 2021, defendant traveled to a Walmart store, located
at 14501 Lakewood Boulevard, Paramount, California (the "Southgate
Walmart").  Defendant entered the Walmart store where he met with a
victim who handed him two envelopes containing approximately $19,000
in cash.  Defendant knew this money was being unlawfully obtained.
In fact, the victim was providing this cash as ransom for the release
of the victim's family member who was being held against his/her will
in Mexico.

On May 31, 2021, defendant, along with CC-1 and CC-2, traveled
to a Lowes located at 8500 Washington Blvd, Pico Rivera, California
to meet with a victim who was to pay ransom for kidnapped family

6

1   member.  However, after defendant, CC-1, and CC-2 each entered the

2   store, they left without collecting the ransom.

3       On June 1, 2021, defendant, CC-1, and CC-2 traveled to a Target,

4   located at 5700 Firestone Blvd, South Gate, California.  CC-1 entered

5   the store and met with a victim who provided CC-1 with two envelopes

6   filled with $26,000 cash, while defendant waited outside.  Defendant

7   knew that CC-1 was obtaining such money unlawfully.  In fact, the

8   victim provided this money in return for the release of two kidnapped

9   family members who were being against their will in Mexico.

10                          SENTENCING FACTORS

11      11.  Defendant understands that in determining defendant's

12  sentence the Court is required to calculate the applicable Sentencing

13  Guidelines range and to consider that range, possible departures

14  under the Sentencing Guidelines, and the other sentencing factors set

15  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

16  Sentencing Guidelines are advisory only, that defendant cannot have

17  any expectation of receiving a sentence within the calculated

18  Sentencing Guidelines range, and that after considering the

19  Sentencing Guidelines and the other § 3553(a) factors, the Court will

20  be free to exercise its discretion to impose any sentence it finds

21  appropriate up to the maximum set by statute for the crime of

22  conviction.

23      12.  Defendant and the USAO agree to the following applicable

24  Sentencing Guidelines factors:

25  Base Offense Level:                 6          U.S.S.G. § 2B1.1(a)(2)

26  Specific Offense Character-
    istic:  Financial Hardship to
27  Victims                            +2          U.S.S.G. § 2B1.1(b)(2)

28

| Specific Offense Characteristic:  Loss Amount More Than $40,000 | +4 | U.S.S.G. § 2B1.1(b)(1)(C) |
|---|---|---|
| Specific Offense Characteristic:  Scheme Outside the United States | +2 | U.S.S.G. § 2B1.1(b)(10)(b) |
| Multi-Count Adjustments | +2 | U.S.S.G. § 3D1.1 |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

13.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

15.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

1       e.   The right to confront and cross-examine witnesses

2 against defendant.

3       f.   The right to testify and to present evidence in

4 opposition to the charges, including the right to compel the

5 attendance of witnesses to testify.

6       g.   The right not to be compelled to testify, and, if

7 defendant chose not to testify or present evidence, to have that

8 choice not be used against defendant.

9       h.   Any and all rights to pursue any affirmative defenses,

10 Fourth Amendment or Fifth Amendment claims, and other pretrial

11 motions that have been filed or could be filed.

12 <u>WAIVER OF APPEAL OF CONVICTION</u>

13    16.  Defendant understands that, with the exception of an appeal

14 based on a claim that defendant's guilty plea was involuntary, by

15 pleading guilty defendant is waiving and giving up any right to

16 appeal defendant's conviction on the offense to which defendant is

17 pleading guilty.  Defendant understands that this waiver includes,

18 but is not limited to, arguments that the statute to which defendant

19 is pleading guilty is unconstitutional, and any and all claims that

20 the statement of facts provided herein is insufficient to support

21 defendant's plea of guilty.

22 <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK</u>

23    17.  Defendant gives up the right to appeal all of the

24 following: (a) the procedures and calculations used to determine and

25 impose any portion of the sentence; (b) the term of imprisonment

26 imposed by the Court; (c) the fine imposed by the Court, provided it

27 is within the statutory maximum; (d) to the extent permitted by law,

28 the constitutionality or legality of defendant's sentence, provided

it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $750,000; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the conditions of probation or supervised release imposed by the Court.

18. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

19. The USAO agrees that, provided that all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than the low-end of the applicable sentencing Guidelines range, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the following: the amount of restitution ordered if that amount is less than $98,000.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

20. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a

1  claim and finding that entry into this plea agreement was
2  involuntary, then (a) the USAO will be relieved of all of its
3  obligations under this agreement; and (b) should the USAO choose to
4  pursue any charge that was either dismissed or not filed as a result
5  of this agreement, then (i) any applicable statute of limitations
6  will be tolled between the date of defendant's signing of this
7  agreement and the filing commencing any such action; and
8  (ii) defendant waives and gives up all defenses based on the statute
9  of limitations, any claim of pre-indictment delay, or any speedy
10 trial claim with respect to any such action, except to the extent
11 that such defenses existed as of the date of defendant's signing this
12 agreement.

13                 RESULT OF VACATUR, REVERSAL OR SET-ASIDE

14      21.  Defendant agrees that if the count of conviction is
15 vacated, reversed, or set aside, both the USAO and defendant will be
16 released from all their obligations under this agreement.

17                   EFFECTIVE DATE OF AGREEMENT

18      22.  This agreement is effective upon signature and execution of
19 all required certifications by defendant, defendant's counsel, and an
20 Assistant United States Attorney.

21                       BREACH OF AGREEMENT

22      23.  Defendant agrees that if defendant, at any time after the
23 signature of this agreement and execution of all required
24 certifications by defendant, defendant's counsel, and an Assistant
25 United States Attorney, knowingly violates or fails to perform any of
26 defendant's obligations under this agreement ("a breach"), the USAO
27 may declare this agreement breached.  All of defendant's obligations
28 are material, a single breach of this agreement is sufficient for the

                              11

1  USAO to declare a breach, and defendant shall not be deemed to have

2  cured a breach without the express agreement of the USAO in writing.

3  If the USAO declares this agreement breached, and the Court finds

4  such a breach to have occurred, then: (a) if defendant has previously

5  entered a guilty plea pursuant to this agreement, defendant will not

6  be able to withdraw the guilty plea, and (b) the USAO will be

7  relieved of all its obligations under this agreement.

8       24.  Following the Court's finding of a knowing breach of this

9  agreement by defendant, should the USAO choose to pursue any charge

10  that was either dismissed or not filed as a result of this agreement,

11  then:

12        a.  Defendant agrees that any applicable statute of

13  limitations is tolled between the date of defendant's signing of this

14  agreement and the filing commencing any such action.

15        b.  Defendant waives and gives up all defenses based on

16  the statute of limitations, any claim of pre-indictment delay, or any

17  speedy trial claim with respect to any such action, except to the

18  extent that such defenses existed as of the date of defendant's

19  signing this agreement.

20        c.  Defendant agrees that: (i) any statements made by

21  defendant, under oath, at the guilty plea hearing (if such a hearing

22  occurred prior to the breach); (ii) the agreed to factual basis

23  statement in this agreement; and (iii) any evidence derived from such

24  statements, shall be admissible against defendant in any such action

25  against defendant, and defendant waives and gives up any claim under

26  the United States Constitution, any statute, Rule 410 of the Federal

27  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

28  Procedure, or any other federal rule, that the statements or any

evidence derived from the statements should be suppressed or are inadmissible.

### COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
### OFFICE NOT PARTIES

25.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

26.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations set forth above are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

27.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the

13

maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

28.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

1   <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2        29.   The parties agree that this agreement will be considered

3   part of the record of defendant's guilty plea hearing as if the

4   entire agreement had been read into the record of the proceeding.

5   AGREED AND ACCEPTED

6   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
7   CALIFORNIA

8   TRACY L. WILKISON
    Acting United States Attorney

9                                              August 27, 2021
10  _____     _____
    JEFFREY M. CHEMERINSKY          Date
11  KATHY YU
    Assistant United States Attorneys
12
                                              8/27/21
13  _____     _____
    FRANCISCO JAVIER HERNANDEZ MARTINEZ   Date
14  Defendant
                                              8/27/21
15  _____     _____
    CHARLES BROWN                   Date
16  Attorney for Defendant FRANCISCO
    JAVIER HERNANDEZ MARTINEZ

17

18            <u>CERTIFICATION OF DEFENDANT</u>

19       This agreement has been read to me in Spanish, the language I

20  understand best.  I have had enough time to review and consider this

21  agreement, and I have carefully and thoroughly discussed every part

22  of it with my attorney.  I understand the terms of this agreement,

23  and I voluntarily agree to those terms.  I have discussed the

24  evidence with my attorney, and my attorney has advised me of my

25  rights, of possible pretrial motions that might be filed, of possible

26  defenses that might be asserted either prior to or at trial, of the

27  sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant

28  Sentencing Guidelines provisions, and of the consequences of entering

                            15

1   into this agreement.  No promises, inducements, or representations of

2   any kind have been made to me other than those contained in this

3   agreement.  No one has threatened or forced me in any way to enter

4   into this agreement.  I am satisfied with the representation of my

5   attorney in this matter, and I am pleading guilty because I am guilty

6   of the charge and wish to take advantage of the promises set forth in

7   this agreement, and not for any other reason.

8

                                                    8/27/21
9   FRANCISCO JAVIER HERNANDEZ                Date
    MARTINEZ, Defendant
10

11                    CERTIFICATION OF INTERPRETER

12       I, ALEJANDRO FRANCI am fluent in the written and spoken

13   English and Spanish languages.  I accurately translated this entire

14   agreement from English into Spanish to defendant FRANCISCO JAVIER

15   HERNANDEZ MARTINEZ on this date.

16
                                               08/27/2021
17   INTERPRETER                          Date

18

19                CERTIFICATION OF DEFENDANT'S ATTORNEY

20       I am FRANCISCO JAVIER HERNANDEZ MARTINEZ's attorney.  I have

21   carefully and thoroughly discussed every part of this agreement with

22   my client.  Further, I have fully advised my client of his rights, of

23   possible pretrial motions that might be filed, of possible defenses

24   that might be asserted either prior to or at trial, of the sentencing

25   factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing

26   Guidelines provisions, and of the consequences of entering into this

27   agreement.  To my knowledge: no promises, inducements, or

28   representations of any kind have been made to my client other than

                                    16

those contained in this agreement; no one has threatened or forced my
client in any way to enter into this agreement; my client's decision
to enter into this agreement is an informed and voluntary one; and
the factual basis set forth in this agreement is sufficient to
support my client's entry of a guilty plea pursuant to this
agreement.

_____          _____
CHARLES BROWN                            Date   8/27/21
Attorney for Defendant FRANCISCO
JAVIER HERNANDEZ MARTINEZ